**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **COBRA TRADING INC** | **CASE NO. 6:25-CV-01481** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **NICHOLAS DODGE** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING AND ORDER

The following motions are before this Court: JUDGMENT CREDITOR COBRA TRADING, INC.'S MOTION FOR ISSUANCE OF WRIT OF *FIERI FACIAS* [Doc. 12], PLAINTIFF/JUDGMENT CREDITOR COBRA TRADING, INC.'S MOTION TO COMPEL POST-JUDGMENT DISCOVERY RESPONSES AND FOR ATTORNEY'S FEES AND COSTS [Doc. 13], and COBRA TRADING, INC.'S MOTION TO SET HEARING ON PENDING POST-JUDGMENT MOTIONS [Doc. 14].

### Factual & Procedural Background

On March 5, 2026, this Court entered an Order confirming an arbitration award against Judgment Debtor Nicholas Dodge. [Doc. 11]. On May 5, 2026, Cobra Trading filed JUDGMENT CREDITOR COBRA TRADING, INC.'S MOTION FOR ISSUANCE OF WRIT OF *FIERI FACIAS*, seeking "issuance of a Writ of *Fieri Facias* directing the United States Marshal for the Western District of Louisiana to seize and sell any and all property of Defendant Nicholas Dodge ('Dodge') to satisfy the Judgment entered in this action on March 5, 2026." [Doc. 12-1 at p. 1]. Cobra Trading did not identify any piece of property that it sought to have seized and sold; rather, it simply noted that it seeks a writ "commanding the seizure and sale of any and all property of Dodge, tangible and intangible, movable and immovable, to satisfy the Judgment, plus all accrued interest, costs, and charges of the Marshal." [Doc. 12-1 at p. 4].

On July 29, 2026, Cobra Trading filed PLAINTIFF/JUDGMENT CREDITOR COBRA TRADING, INC.'S MOTION TO COMPEL POST-JUDGMENT DISCOVERY RESPONSES AND FOR

ATTORNEY'S FEES AND COSTS seeking an order from this Court compelling Dodge to respond to Cobra Trading's discovery requests propounded to Dodge on May 5, 2026, and acknowledged by Dodge on July 22, 2026, by email. [Doc. 13].

**Law & Analysis**

Under Federal Rule of Civil Procedure 69(a)(1), "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." "Under Louisiana law, money judgments are enforced 'by a writ of fieri facias directing the seizure and sale of property of the judgment debtor,' or by garnishment of a third person of 'the property he has in his possession or under his control [including wages] belonging to the judgment debtor,' with the proceeds of such enforcement action to pay off judgment creditors." *McFarland v. Office of Risk Mgmt.*, 2025 WL 1115683, at *3-4 (E.D. La. 2025) (internal citations omitted).

Here, Cobra Trading asks the Court to command seizure and sale of any and all property owned by Dodge without identifying any specific property of Dodge to which it claims it is entitled. [Doc. 12-1 at p. 4]. Furthermore, Cobra Trading does not attach a proposed writ. For these reasons, this Court cannot grant relief at this time.

Under Federal Rule of Civil Procedure 69(a)(2), a judgment creditor may, in aid of the judgment or execution, "obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." The United States Supreme Court has explained that "[t]he rules governing discovery in post judgment execution proceedings are quite permissive." *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 139, 134 S. Ct. 2250, 189 L. Ed. 2d 234 (2014). Accordingly, the

undersigned finds that Cobra Trading is entitled to answers to its discovery requests under Rule 69(a)(2).

## Conclusion

For the forgoing reasons, the JUDGMENT CREDITOR COBRA TRADING, INC.'S MOTION FOR ISSUANCE OF WRIT OF *FIERI FACIAS* [Doc. 12] is DENIED, PLAINTIFF/JUDGMENT CREDITOR COBRA TRADING, INC.'S MOTION TO COMPEL POST-JUDGMENT DISCOVERY RESPONSES AND FOR ATTORNEY'S FEES AND COSTS [Doc. 13] is GRANTED, and COBRA TRADING, INC.'S MOTION TO SET HEARING ON PENDING POST-JUDGMENT MOTIONS [Doc. 14] is DENIED as moot. As such, it is hereby

ORDERED that Judgment Debtor Nicholas Dodge provide responses to Cobra Trading, Inc.'s outstanding discovery requests no later than MONDAY, NOVEMBER 9, 2026, at 5:00 p.m. It is further

ORDERED that the Clerk of Court shall mail a copy of this Order by certified mail with return receipt requested to Judgment Debtor Nicholas Dodge at the following addresses: (1) 1115 Alcide Bonin Rd, Breaux Bridge, Louisiana 70517; (2) 415 Lancaster Rd, Lafayette, Louisiana 70506. The Clerk will include a copy of the Consent to Receive Notice and Service Electronically form.

Signed at Lafayette, Louisiana on this 6th day of October, 2026.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE